[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The defendant moves for summary judgment, seeking to dismiss the entire action of the plaintiff.
The plaintiff's action is in three counts. The first count alleges a violation of the Connecticut Fair Employment Practices Act, General Statute § 46a-60 (a)(1) on the basis of age discrimination the second count alleges a violation of the Federal Age Discrimination in Employment Act,29 U.S.C. § 630 (h). The defendant had removed these state and federal discrimination claims to the federal court. By decision filed April 25, 1994 the United States District Court for the District of Connecticut, Alfred v. Covello, J. granted the defendant's motion for summary judgment on the state and federal discrimination claims.
"For the foregoing reasons, the defendant's motion for CT Page 4699 summary judgment is granted with respect to its state and federal discrimination claims, and remanded to the state court with respect to its state claims regarding breach of the implied covenant of fair dealing." Memorandum of Decision, pp. 14, 15.
The Defendant now moves for summary judgment of the entire claim, on the basis that the Federal Court decision is res judicata as concerns the state discrimination claim and that there is no genuine question of fact as to the plaintiff's claim of breach of covenant of good faith and fair dealing. The plaintiff disputes the claim of res adjudicata and further claims that the state action as concerns the breach of covenant of good faith and fair dealing presents significant questions, issues of fact and hence the action cannot be determined on the basis of a motion for summary judgment.
The court addresses the latter contention. The Supreme Court has recognized that "the terms of an employment manual may give rise to an express or implied contract between employer and employee; in the absence of definitive contractual language the question of whether the parties intended the manual to constitute part of the contract is a question of fact to be determined by the trier of fact." Carbone v. Atlantic Ritchfield Co.k,204 Conn. 460, 471, 472 (1987). Appended to employment contracts, as to all contracts, is the covenant of good faith and fair dealing. See Mangon v. Anaconda Industries, Inc., 193 Conn. 558, 570
(1984).
The plaintiff claims that the employee manual constitutes a contract between she and the employer. Whether this is so is a question of fact to be determined by the trier of fact. Finly v.Aetna Life Casualty Co., 202 Conn. 190, 199 (1987). She further claims that her termination was in violation of specific provisions of the alleged contract, referred to as progressive discipline procedures, designed to provide specific substantive criteria, and procedural steps which were to be followed by the employer, in dealing with the matter of discharge of the employee. These criteria are separate and apart from questions of age discrimination. Any findings concerning the absence of age discrimination simply do not address the issues presented by the third count of the complaint. The plaintiff's affidavit and its attachments do reveal that there are significant questions of fact.
The defendant has failed to demonstrate that there is no CT Page 4700 genuine issue as to any material fact. Practice Book § 384. The motion for summary judgment is denied.
L. Paul Sullivan, J. Superior Court Judge